IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JONATHAN COLE SMITH, JR.                                                                    PLAINTIFF

v.                        Civil No. 3:23-cv-03024-TLB-MEF

JAILER SANDRA YORK,
Baxter County Detention Center                                                              DEFENDANT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Jonathan C. Smith, Jr. ("Smith"), filed this civil rights action under 42 U.S.C. § 1983. Riley proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening of the Complaint (ECF No. 1) under 28 U.S.C. § 1915A. Pursuant to § 1915A, the Court must screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I.      BACKGROUND**

According to the Complaint, on the evening of March 27, 2023, Jailer York delivered to Smith an open envelope containing legal mail. (ECF No. 1 at 4). Smith told Jailer York that the mail had clearly been open outside his presence. *Id.* The envelope was from the United States District Court Clerk's Office and was marked official business. *Id.* at 5.

Smith asked Jailer York to take a photograph of the envelope. (ECF No. 1 at 4). Jailer York took the legal mail back up to the booking area and took a picture of the opened envelope on the facility Guardian device. *Id.* at 5. Jailer York informed Smith that she had not opened the

envelope. *Id.* Smith has sued Jailer York in her individual capacity only. *Id.*

Smith says this incident has caused him "a lot of anxiety about being deprived [of] the right to send and receive legal mail without it being screened or scanned." (ECF No. 1 at 9). Smith seeks compensation for the time he has spent "prosecuting [his] other civil matter." *Id.* He asks for punitive damages to "prevent this same thing from occur[r]ing in the future." *Id.*

## II. APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   DISCUSSION

Under § 1983, a plaintiff may recover damages from "[e]very person who, under the color of any statute . . . or regulation" causes "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  Individual "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).  In short, liability under § 1983 "is personal" and the conduct of each individual must be viewed separately.  *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017) (cleaned up).

Smith's Complaint fails to allege any personal involvement on the part of Jailer York other than her delivery of an already opened envelope to him and then, at his request, taking a photograph of the envelope.  Smith has not alleged that Jailer York personally violated his federal constitutional rights.  No plausible claim is asserted against Jailer York.

Furthermore, while Plaintiff clearly has a constitutional right to have confidential legal mail opened only in his presence, *Wolff v. McDonnell*, 418 U.S. 259, 576-77 (1974), the Eighth Circuit has stated that is has "never held or suggested that an isolated, inadvertent instance of opening incoming confidential legal mail will support a § 1983 damage action."  *Beaulieu v. Ludeman*, 690 F.3d 1017, 1037 (8th Cir. 2012) (citing *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997)).  "Instead, we have found that 'an isolated incident, without any evidence of improper motive or resulting interference with the inmate's right to counsel or to access to the courts, does not give rise to a constitutional violation.'"  *Id*. (cleaned up).  Even assuming the mail in question

3

constitutes privileged legal mail,[1] Smith has failed to state a plausible claim because his claim is based on a single incident, and he has alleged no actual injury.[2]

## IV.   CONCLUSION

For these reasons, it is recommended that:

1. The case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

2. Plaintiff be warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g), and thus, the **Clerk** is directed to place a § 1915(g) strike flag on the case for future judicial consideration.   And,

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of April 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

---

[1] Privileged mail is narrowly defined as "mail to or from an inmate's attorney and identified as such."   *Gardner*, 109 F.3d at 430.   "[T]he mere fact that a letter comes from a legal source is insufficient to indicate it is confidential and requires special treatment.   *Harrod v. Halford*, 773 F.2d 234, 236 (8th Cir. 1985).   Non-privileged legal mail may be opened outside of the inmate's presence without violating the Sixth Amendment.   *Wolff*, 418 U.S. at 576-77.

[2] To state a First Amendment claim, a plaintiff must allege actual injury—in an access to the courts claim, the injury would be "the hindrance of a nonfrivolous and arguably meritorious underlying legal claim."   *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008).   "To prove actual injury, [a prisoner] must 'demonstrate that a nonfrivolous legal claim has been frustrated or was being impeded.'"   *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007) (quoting *Lewis v. Casey*, 518 U.S. 343, 353 (1996)).

4